# United States District Court
## EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------X

MARIA ANN SPEGOWSKI,

Plaintiff,

-against-

COUNTY OF SUFFOLK, P.O. JOHN DOE (a fictitious name), and BED BATH & BEYOND, INC.,

Defendants.

-----------------------------------------------------------------------X

**COMPLAINT**

**TRIAL BY JURY DEMANDED**

**CASE NO.:** CV 14-836

**FIRST:** The nature of Plaintiff's claims are to recover monetary damages from all defendants, including, but not limited to punitive damages against P.O. JOHN DOE (a fictitious name), individually, for violation of constitutional rights, pursuant to 42 USC § 1983, false imprisonment, false arrest, improper training, physical abuse, excessive force, deprivation of liberty pursuant to the First, Fourth and Fourteenth Amendments of the United States Constitution, and/or Article I, §§ 5, 6, 8, 9, 12 of the New York State Constitution, and negligence carelessness and recklessness of BED BATH & BEYOND, INC. and COUNTY OF SUFFOLK, its agents, servants and/or employees, including, but not limited to the COUNTY OF SUFFOLK and its Police Officer, P.O. JOHN DOE (a fictitious name) for false arrest, false imprisonment, abuse of process, excessive force, defamation of character and mental anguish/psychological and punitive damages.

**SECOND:** That BED BATH & BEYOND, INC. is a domestic corporation formed pursuant to the laws of the State of New York, with its principle office listed as "650 LIBERTY AVE, UNION, NEW JERSEY, 07083"

**THIRD:** That at all times hereinafter mentioned, the Defendant, COUNTY OF SUFFOLK, was and still is a municipal corporation duly organized and existing under the laws of the State of New York.

**FOURTH:** That at all times hereinafter mentioned, the Plaintiff MARIA ANN SPEGOWSKI was a resident of the County of Nassau, State of New York.

**FIFTH:** That on or about February 23, 2013, at approximately 11:30 a.m., Plaintiff, MARIA ANN SPEGOWSKI was lawfully at at Bed Bath & Beyond located at 5131 Sunrise Highway, Bohemia, County of Suffolk, State of New York.

**SIXTH:** Suffolk County Police officer "JOHN DOE" is a servant, agent or employee of the Defendant COUNTY OF SUFFOLK.

**SEVENTH:** Suffolk County Police officer JOHN DOE was working at the time and was acting under the color of state law in going to the BED BATH & BEYOND, INC. store located at the aforesaid location in Bohemia.

**EIGHTH:** Plaintiff MARIA ANN SPEGOWSKI, had serious health issues and was lawfully shopping and returning a Keurig coffee maker with her sister Barbara Weiner.

**NINTH:** Without any reason to believe a crime had been committed, the person of Plaintiff was seized, MARIA ANN SPEGOWSKI, roughed up by officer "JOHN DOE" who was acting pursuant to misinformation or with a lack of information provided by the negligent Defendant BED BATH & BEYOND, INC., its agents, servants and/or employees.

**TENTH:** The person of MARIA ANN SPEGOWSKI, who did nothing wrong, while waiting at the customer service counter did get dragged into a small room, without her oxygen and without her insulin an was berated, harassed, accused and maligned by both employees of BED BATH & BEYOND, INC. and by "Officer JOHN DOE" even though there

was no reason to believe a crime had been committed and with the intention to deprive the Plaintiff of her constitutional rights.

**ELEVENTH:** That at all times hereinafter mentioned, the Defendant, P.O. JOHN DOE (a fictitious name) was acting within the scope of his employment with the Suffolk County Police Department.

**TWELFTH:** MARIA ANN SPEGOWSKI was terrorized, interrogated, humiliated and deprived of her physical needs, despite identifying that she was diabetic, on oxygen and had significant health issues.

**THIRTEENTH:** That after an inquiry took place between the totally incompetent and ignorant employees at BED BATH & BEYOND, INC. and OFFICER JOHN DOE who himself was no better, Plaintiff, MARIA ANN SPEGOWSKI was apologized to and all parties involved begged for her forgiveness.

**FOURTEENTH:** That on or about March 25, 2013, and within ninety (90) days after the accrual of the claim sued upon herein, Plaintiff served upon the COUNTY OF SUFFOLK a duly executed Notice of Claim.

**FIFTEENTH:** That more than thirty (30) days have elapsed since the Notice of Claim was served and the Comptroller and Defendants, have failed, neglected, and refused to pay, settle, compromise or adjust the claim of the Plaintiff herein.

**SIXTEENTH:** That this action was commenced within one (1) year and ninety (90) days from the date of the claim accrued.

## COUNT I

### 42 USC § 1983 CLAIM AGAINST P.O. JOHN DOE (A FICTITIOUS NAME) FOR DEPRIVATION OF HER FOURTH AMENDMENT RIGHTS AND NY STATE CONSTITUTIONAL RIGHTS

**SEVENTEENTH:** Plaintiff repeats, reiterates and realleges all of the allegations set forth above.

**EIGHTEENTH:** That on or about February 23, 2013, Defendant, P.O. JOHN DOE (a fictitious name) was an employee, agent and/or servant of the COUNTY OF SUFFOLK and the Suffolk County Police Department.

**NINETEENTH:** That on or about February 23, 2013, at approximately 11:30 a.m., Plaintiff, MARIA ANN SPEGOWSKI was at Bed Bath & Beyond located at 5131 Sunrise Highway, Bohemia, County of Suffolk, State of New York, when a police officer, P.O. JOHN DOE (a fictitious name) entered the establishment during an investigation of a shoplifting at that location.

**TWENTIETH:** That P.O. JOHN DOE (a fictitious name) approached MARIA ANN SPEGOWSKI and began asking her questions, of which Plaintiff responded.

**TWENTY-FIRST:** That while Plaintiff MARIA ANN SPEGOWSKI was lawfully at the above referenced premises and after initially responding to P.O. JOHN DOE's (a fictitious name) questions and fully cooperating in every way.

**TWENTY-SECOND:** That after approaching Plaintiff MARIA ANN SPEGOWSKI, Defendant P.O. JOHN DOE (a fictitious name) physically grabbed Plaintiff MARIA ANN SPEGOWSKI by her arm and/or shoulder, P.O. JOHN DOE (a fictitious name) used excessive force, forced Plaintiff into a small room in the above referenced premises and deprived Plaintiff MARIA ANN SPEGOWSKI of her liberty despite the fact that she had not committed a crime.

**TWENTY-THIRD:** That P.O. JOHN DOE (a fictitious name) with the express intent of preventing her from further expressing her First, Fourth and Fourteenth Amendment rights under the United States Constitution and Article I, § 6, 8, 12 rights to free speech and liberty under the

New York State Constitution and took her into custody against her will into a small room in the above referenced premises.

**TWENTY-FOURTH:** That after P.O. JOHN DOE (a fictitious name) forced Plaintiff MARIA ANN SPEGOWSKI into said room, he questioned her for approximately thirty (30) to forty-five (45) minutes against her will.

**TWENTY-FIFTH:** Plaintiff MARIA ANN SPEGOWSKI was conscious of said confinement in that she was forced into said room and she did not want to go and/or remain in said room.

**TWENTY-SIXTH:** Plaintiff MARIA ANN SPEGOWSKI was refused contact and/or the ability to speak with her sister whom was also in said Bed Bath & Beyond by P.O. JOHN DOE (a fictitious name).

**TWENTY-SEVENTH:** On or about February 23, 2013, at approximately 11:30 a.m., 5131 Sunrise Highway, Bohemia, County of Suffolk, State of New York, then continuing and, including, but not limited to the aforementioned Bed Bath & Beyond , the Defendant, COUNTY OF SUFFOLK's employee, agent and/or servant, P.O. JOHN DOE (a fictitious name) while in the course of his employment arrested and placed Plaintiff, MARIA ANN SPEGOWSKI, into custody, despite being aware that he had no cause or grounds for the arrest.

**TWENTY-EIGHTH:** P.O. JOHN DOE (a fictitious name) had no probable cause to believe Plaintiff MARIA ANN SPEGOWSKI, should be confined, held for questioning, and/or arrested as it relates to the issue of the possible shoplifting.

**TWENTY-NINTH:** That at all times P.O. JOHN DOE (a fictitious name) acted within the scope of his employment and under the authority of color of State Law as a Police Officer.

**THIRTIETH:** That as a result of the above, the Plaintiff demands judgment against the Defendants, in the sum of FIVE MILLION DOLLARS ($5,000,000.00).

## COUNT II

## MUNICIPAL LIABILITY

**THIRTY-FIRST:** Plaintiff repeats, reiterates and realleges all of the allegations set forth above.

**THIRTY-SECOND:** That Defendant, COUNTY OF SUFFOLK, its employees, agents and/or servants, failed to take any necessary steps to prevent this occurrence; failed to properly train its employees, agents and/or servants in arrest procedures; failed to control and supervise its employees, agents and/or servants; failed to prevent the aforesaid pain and suffering, defamation, incarceration and permanent psychological injuries to the Plaintiff; and were otherwise reckless, careless and negligent.

**THIRTY-THIRD:** That as a result of the above referenced negligence; Plaintiff was caused to sustain pain and suffering, defamation, incarceration and permanent psychological injuries.

**THIRTY-FOURTH:** That as a result of the above, the Plaintiff demands judgment against the Defendant, COUNTY OF SUFFOLK, in the sum of FIVE MILLION DOLLARS ($5,000,000.00).

## COUNT III

## AGAINST DEFENDANT P.O. JOHN DOE (A FICTITIOUS NAME) INDIVIDUALLY, FOR DEPRIVATION OF LIBERTY

**THIRTY-FIFTH:** Plaintiff repeats, reiterates and realleges all of the allegations set forth above.

**THIRTY-SIXTH:** Although the Defendant, P.O. JOHN DOE (a fictitious name), knew his conduct of arresting Plaintiff MARIA ANN SPEGOWSKI when he knew he had no right to, in violation of her constitutional rights, the Defendant, arrested and placed into custody

Plaintiff, MARIA ANN SPEGOWSKI, even though he knew or had reason to know that he was making an illegal arrest.

**THIRTY-SEVENTH:** That as a result of the foregoing, Plaintiff demands judgment against the Defendants in the amount of FIVE MILLION DOLLARS ($5,000,000.00).

**COUNT IV**

**AGAINST DEFENDANT, P.O. JOHN DOE (A FICTITIOUS NAME) INDIVIDUALLY, FOR NEGLIGENCE**

**THIRTY-EIGHTH:** Plaintiff repeats, reiterates and realleges all of the allegations set forth above.

**THIRTY-NINTH:** That on or about February 23, 2013, at approximately 11:30 a.m. and the hours thereafter, Defendants, without cause or provocation, carelessly, negligently, recklessly and maliciously, arrested the Plaintiff MARIA ANN SPEGOWSKI, despite knowing that the charges were false, with malice, and that there were no cause or grounds therefore, in fact, still effectuated an arrest.

**FORTIETH:** That despite having knowledge that an Plaintiff MARIA ANN SPEGOWSKI, was merely exercising her right to remain silent pursuant to the United States Constitution and the New York State Constitution, P.O. JOHN DOE (a fictitious name) and COUNTY OF SUFFOLK, its agents, servants and/or employees, including, but not limited to the COUNTY OF SUFFOLK and its Police Officer, created misleading and false accusations against the Plaintiff MARIA ANN SPEGOWSKI, that they knew were false, misleading and without cause and grounds therefore.

**FORTY-FIRST:** That as a result of the above referenced negligent actions, this Plaintiff sustained mental and pecuniary losses and losses of enjoyment of life.

**FORTY-SECOND:** That as a result of the above negligence, Plaintiff demands judgment against the Defendants in the amount of FIVE MILLION DOLLARS ($5,000,000.00) and punitive damages.

**FORTY-THIRD:** That the aforesaid occurrence, especially, but not limited to the forcible grabbing of Plaintiff MARIA ANN SPEGOWSKI by her arm, forcing her into a small room in the aforementioned premises, falsely accusing Plaintiff of shoplifting or some crime unknown to Plaintiff, refusing Plaintiff contact and/or the ability to speak with her sister whom was also in said Bed Bath & Beyond, and questioning her for approximately thirty (30) to forty-five (45) minutes against her will, among other defects and the injuries, damages and pain and suffering resulting therefrom were caused in whole by Defendant, P.O. JOHN DOE's (a fictitious name) intentional, wanton, willful and malicious misconduct.

**FORTY-FOURTH:** Defendant, P.O. JOHN DOE (a fictitious name), intentionally falsified accusations in order to effectuate an arrest and in order to be able to hold Plaintiff MARIA ANN SPEGOWSKI in custody against her will with knowledge that the accusations were without cause or grounds therefore.

**FORTY-FIFTH:** That by reason of the foregoing, Plaintiff seeks punitive damages and demands judgment against the Defendants in the amount of FIVE MILLION DOLLARS ($5,000,000.00).

## COUNT V

## AGAINST DEFENDANT P.O. JOHN DOE (A FICTITIOUS NAME) FOR EXCESSIVE FORCE.

**FORTY-SIXTH:** Plaintiff repeats, reiterates and realleges all of the allegations set forth above.

**FORTY-SEVENTH:** On February 23, 2013, Defendant, P.O. JOHN DOE (a fictitious name) attacked Plaintiff MARIA ANN SPEGOWSKI by approaching her, then grabbing her by

her arm and/or shoulder and forcibly pulling, pushing, shoving and bringing her to a small room at the aforementioned premises, and forcibly containing Plaintiff in said room without cause or grounds therefore.

**FORTY-EIGHTH:** That Plaintiff MARIA ANN SPEGOWSKI did not move or attempt to use any force in response, did not resist the force being used upon her, nor did she have an opportunity to, as P.O. JOHN DOE (a fictitious name) used excessive force in effectuating an unauthorized arrest without probable cause or grounds therefore to believe that Plaintiff MARIA ANN SPEGOWSKI committed a crime.

**FORTY-NINTH:** Defendant P.O. JOHN DOE (a fictitious name) used excessive force against Plaintiff MARIA ANN SPEGOWSKI with knowledge that Plaintiff MARIA ANN SPEGOWSKI did not commit a crime and that the arrest and force used to effectuate the arrest was excessive, unnecessary and without cause or grounds therefore.

**FIFTIETH:** That by reason of the foregoing, the Plaintiff demands judgment against the Defendants in the amount of FIVE MILLION DOLLARS ($5,000,000.00).

## COUNT VI

## AGAINST DEFENDANT BED BATH & BEYOND, INC. FOR FALSE IMPRISONMENT AND FALSE ARREST

**FIFTY-FIRST:** Plaintiff repeats, reiterates and realleges all of the allegations set forth above.

**FIFTY-SECOND:** That on or about February 23, 2013, at approximately 11:30 a.m., Plaintiff, MARIA ANN SPEGOWSKI was lawfully on the property of a BED BATH & BEYOND, INC. owned store located at 5131 Sunrise Highway, Bohemia, County of Suffolk, State of New York, when a police officer, P.O. JOHN DOE (a fictitious name) entered the establishment during an investigation of a shoplifting at that location.

**FIFTY-THIRD:** Upon information and belief, that on or about February 23, 2013 BED BATH & BEYOND, INC. its agents, servants and/or employees contacted the SUFFOLK COUNTY POLICE DEPARTMENT in regards to a possible shoplifting involving Plaintiff MARIA ANN SPEGOWSKI.

**FIFTY-FOURTH:** Upon information and belief, it was in response to the above mentioned contact made by BATH & BEYOND, INC. its agents, servants and/or employees to the Suffolk County Police Department which prompted P.O. JOHN DOE (a fictitious name) to enter the above referenced premises on or about February 23, 2013.

**FIFTY-FIFTH:** That P.O. JOHN DOE (a fictitious name) approached MARIA ANN SPEGOWSKI and began asking her questions, of which Plaintiff responded.

**FIFTY-SIXTH:** That after approaching Plaintiff MARIA ANN SPEGOWSKI, Defendant P.O. JOHN DOE (a fictitious name) physically grabbed Plaintiff MARIA ANN SPEGOWSKI by her arm and/or shoulder, P.O. JOHN DOE (a fictitious name) used excessive force, forced Plaintiff into a small room in the above referenced premises and deprived Plaintiff MARIA ANN SPEGOWSKI of her liberty despite the fact that she had not committed a crime.

**FIFTY-SEVENTH:** That BED BATH & BEYOND, INC. its agents, servants and/or employees were asked by P.O. JOHN DOE (a fictitious name) if he could use the above referenced small room, to which BED BATH & BEYOND, INC. its agents, servants and/or employees agreed.

**FIFTY-EIGHTH:** That once inside the above referenced small room P.O. JOHN DOE (a fictitious name) began questioning Plaintiff MARIA ANN SPEGOWSKI in the presence of agents, servants and/or employees of BED BATH & BEYOND, INC.

**FIFTY-NINTH:** That these agents, servants and/or employees of BED BATH & BEYOND, INC. prevented Plaintiff MARIA ANN SPEGOWSKI from leaving said small room during her questioning for approximately thirty (30) to forty-five (45) minutes against her will.

**SIXTIETH:** Plaintiff MARIA ANN SPEGOWSKI was conscious of said confinement in that she was forced into said room and she did not want to go and/or remain in said room.

**SIXTY-FIRST:** Plaintiff MARIA ANN SPEGOWSKI was refused contact and/or the ability to speak with her sister whom was also in said Bed Bath & Beyond by BED BATH & BEYOND, INC. its agents, servants and/or employees.

**SIXTY-SECOND:** On or about February 23, 2013, at approximately 11:30 a.m., 5131 Sunrise Highway, Bohemia, County of Suffolk, State of New York, then continuing and, including, but not limited to the aforementioned Bed Bath & Beyond, the Defendant, BED BATH & BEYOND, INC.'s employees, agents and/or servants, while in the course of their employment arrested and placed Plaintiff, MARIA ANN SPEGOWSKI, into custody, despite the fact that they knew or should have known that they had no cause or grounds for the arrest.

**SIXTY-THIRD:** BED BATH & BEYOND, INC.'s employees, agents and/or servants had no probable cause to believe Plaintiff MARIA ANN SPEGOWSKI, should be confined, held for questioning, and/or arrested as it relates to the issue of the possible shoplifting.

**SIXTY-FOURTH:** That at all times BED BATH & BEYOND, INC.'s employees, agents and/or servants acted within the scope of their employment.

**SIXTY-FIFTH:** That as a result of the above, the Plaintiff demands judgment against the Defendants, in the sum of FIVE MILLION DOLLARS ($5,000,000.00).

## COUNT VII

### AGAINST DEFENDANT BED BATH & BEYOND, INC. FOR NEGLIGENCE

**SIXTY-SIXTH:** Plaintiff repeats, reiterates and realleges all of the allegations set forth above.

**SIXTY-SEVENTH:** That on or about February 23, 2013, at approximately 11:30 a.m. and the hours thereafter, Defendant, BED BATH & BEYOND, INC., its employees, agents and/or servants, without cause or provocation, carelessly, negligently, recklessly and maliciously, arrested the Plaintiff MARIA ANN SPEGOWSKI, despite knowing that the charges were false, with malice, and that there were no cause or grounds therefore, in fact, still effectuated an arrest.

**SIXTY-EIGHTH:** That the aforesaid occurrence, especially, but not limited to the forcible grabbing of Plaintiff MARIA ANN SPEGOWSKI by her arm, forcing her into a small room in the back of the aforementioned premises, falsely accusing Plaintiff of shoplifting or some crime unknown to Plaintiff, refusing Plaintiff contact and/or the ability to speak with her sister whom was also in said Bed Bath & Beyond, and questioning her for approximately thirty (30) to forty-five (45) minutes against her will, among other defects and the injuries, damages and pain and suffering resulting therefrom were caused in whole by Defendant, BED BATH & BEYOND, INC., its employees, agents and/or servants intentional, wanton, willful and malicious misconduct.

**SIXTY-NINTH:** Defendant, BED BATH & BEYOND, INC., its employees, agents and/or servants, intentionally falsified accusations in order to effectuate an arrest and in order to be able to hold Plaintiff MARIA ANN SPEGOWSKI in custody against her will with knowledge that the accusations were without cause or grounds therefore.

**SEVENTIETH:** That Defendant, BED BATH & BEYOND, INC., its employees, agents and/or servants, failed to take any necessary steps to prevent this occurrence; failed to properly train its employees, agents and/or servants in arrest procedures; failed to control and

supervise its employees, agents and/or servants; failed to prevent the aforesaid pain and suffering, defamation, incarceration and permanent psychological injuries to the Plaintiff; and were otherwise reckless, careless and negligent.

**SEVENTY-FIRST:** That as a result of the above referenced negligence; Plaintiff was caused to sustain pain and suffering, defamation, incarceration and permanent psychological injuries.

**SEVENTY-SECOND:** That as a result of the above, the Plaintiff demands judgment against the Defendants, in the sum of FIVE MILLION DOLLARS ($5,000,000.00).

**WHEREFORE**, Plaintiff demands judgment pursuant to 42 United States Code, Section 1983 and for attorneys' fees under section 1988, and for her State Common Law claims, for monetary compensation, for pain and suffering and loss of reputation and punitive damages; and on all Claims, in the amount of THIRTY-FIVE MILLION DOLLARS ($35,000,000.00) against the Defendants, for whatever further and other relief this court deems just and proper, together with the costs, disbursements of this action.

Dated: Mineola, New York
February 5, 2014

Yours, etc.,

**MASSIMO & PANETTA, P.C.**
Attorneys for Plaintiff
200 Willis Avenue
Mineola, New York 11501
(516) 683-8880

By: ______________________________
**FRANK C. PANETTA, ESQ. (FCP 3687)**